UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COHEN & COMPANY, LTD. | : |
| Plaintiff, | : |
| v. | : |
| COHEN & COMPANY INC. | :   JURY TRIAL DEMANDED |
| Defendant. | : |

## COMPLAINT

Plaintiff Cohen & Company, Ltd., an Ohio limited liability company ("Plaintiff"), by and through its counsel Ice Miller LLP, hereby brings this Complaint against Defendant Cohen & Company Inc. ("Defendant"). In support thereof, Plaintiff states as follows:

## NATURE OF THE ACTION

1. This action is for the counterfeiting and infringement of a federal trademark registration in violation of the Lanham Act, 15 U.S.C. § 1114, and false designation of origin and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3. This action is based on Defendant's unauthorized and willful use of Plaintiff's COHEN & COMPANY registered trademark and the consumer confusion and damages caused by such use.

## THE PARTIES

2. Plaintiff Cohen & Company, Ltd., is an Ohio limited liability company with its principal place of business at 1350 Euclid Ave., Suite 800, Cleveland, OH, 44115. Plaintiff is the owner of the federally registered COHEN & COMPANY mark (Reg. No. 5,871,173, the "COHEN & COMPANY Name Registration") and COHEN & CO & Design (Reg. No. 5,871,172, the "COHEN & COMPANY Logo Registration").

3.  Upon information and belief, Defendant Cohen & Company Inc. is a Maryland corporation with its principal place of business at Cira Center 2929 Arch Street, Suite 1703, Philadelphia, Pennsylvania, 19104.

## JURISDICTION AND VENUE

4.  The Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338(a), which each confer original jurisdiction upon the Court for civil actions arising under the laws of the United States and any act of Congress relating to trademarks. The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. §§1338(b) and 1367 because the state-law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.  This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant: (1) advertises and provides services under the COHEN & COMPANY Name and COHEN & COMPANY Logo within the State of Pennsylvania and within this judicial district; (2) has committed multiple tortious acts specified herein within the State of Pennsylvania; (3) has committed tortious acts outside of the State of Pennsylvania causing injury to persons or property within the State of Pennsylvania, and (4) regularly does or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from services rendered, within the State of Pennsylvania.

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this district, Defendant conducts business within this district, the acts giving rise to the asserted claims are being committed within this district, and Plaintiff is suffering harm in this district.

**BACKGROUND FACTS**

7. Plaintiff is one of the top 100 largest accounting firms in the United States. Since Ronald Cohen founded Cohen & Company in October of 1977, Plaintiff has continuously and substantially exclusively offered accounting and financial consulting services under the name COHEN & COMPANY (the "COHEN & COMPANY Name").

8. For more than four decades, Plaintiff and its brand have grown substantially. Today, Plaintiff generates roughly $100 million in annual revenue from services that it offers to clients nationwide from Plaintiff's multiple offices located in Ohio, Wisconsin, Pennsylvania, New York, Michigan, Maryland, and Illinois.

9. Plaintiff's clients include a wide a variety of privately held companies, company owners, high-net-worth individuals, trusts, foundations, investment partnerships, and investment advisors in several industries ranging from healthcare, investments, manufacturing, not-for-profit, private equity, real estate, construction, retail, service, technology and life sciences, transportation and logistics, to wholesale and distribution.

10. Plaintiff has invested extensive capital in developing and creating the goodwill associated with its COHEN & COMPANY Name and with its logo:



( the "COHEN & COMPANY Logo") by advertising its services under these marks throughout the U.S., including through by spending millions of dollars on advertising and sponsorships featuring these marks.

11. Plaintiff and its COHEN & COMPANY Mark and COHEN & COMPANY Logo marks have been featured in a variety of national media, including Forbes®, Inc. Magazine®, and Yahoo! News®.

12. Plaintiff has received numerous awards and recognitions, including but not limited to Forbes's 2021 list of America's Best Tax and Accounting Firms; the "Inc. 5000" award for being one of the fastest-growing businesses in America; the NorthCoast 99 award (2008, 2011, 2012, 2013, 2014, 2015, 2016); The Pinnacle Award of Summit County (2015) for organizations serving the greater good through corporate social responsibility; Accounting Today's and Best Companies Group's Best Firm to Work For (2015, 2014, 2013, 2012, 2011, 2010, 2009); Ohio Society for Human Resource Management (SHRM) State Council and Best Companies Group's Best Employers in Ohio (2016, 2015, 2014, 2013, 2012, 2011, 2010, 2008, 2007); and, the 2020 HFM US Services Award for "Best Advisory Firm – Tax."

13. As a result of its considerable advertising, widespread commercial success, extensive media coverage, community outreach, and third-party awards, Plaintiff's COHEN & COMPANY Name and COHEN & COMPANY Logo are understood by consumers to signify the quality and reliability of Plaintiff's services and the goodwill of Plaintiff's business.

14. Plaintiff has registered the COHEN & COMPANY Name as a federal trademark with the United States Patent & Trademark Office ("USPTO"). Plaintiff owns federal trademark Reg. No. 5,871,173 (the "COHEN & COMPANY Name Registration") for the COHEN & COMPANY Name, in standard-character form, for use in connection with "[a]ccounting services and consultation; tax and taxation planning, advice, information, and consultancy services; financial and account auditing; bookkeeping services; tax preparation; [p]roviding a website featuring information in the field of auditing, accounting, and tax preparation; business records

management consulting services; financial records management consulting services" as well as "[f]iscal valuations and assessments; actuarial consulting services; consulting services in the field of employee benefit plans concerning insurance and finance." The USPTO recognized that Plaintiff's COHEN & COMPANY mark has acquired distinctiveness as a whole.

15. A true and correct copy of documents retrieved from the USPTO's online Trademark Status & Document Retrieval database evidencing the current status and Plaintiff's ownership of the COHEN & COMPANY Name Registration is attached as Exhibit 1. Plaintiff's COHEN & COMPANY Name Registration is valid, subsisting, and of full force and effect.

16. Plaintiff has also registered the COHEN & COMPANY Logo as a federal trademark with the USPTO. Plaintiff owns federal trademark Reg. No. 5,871,172 (the "COHEN & COMPANY Logo Registration") for the COHEN & COMPANY Logo for use in connection with "[a]ccounting services and consultation; tax and taxation planning, advice, information, and consultancy services; financial and account auditing; bookkeeping services; tax preparation; [p]roviding a website featuring information in the field of auditing, accounting, and tax preparation; business records management consulting services; financial records management consulting services" as well as "[f]iscal valuations and assessments; actuarial consulting services; consulting services in the field of employee benefit plans concerning insurance and finance." The USPTO recognized that Plaintiff's COHEN & COMPANY mark has acquired distinctiveness as a whole.

17. A true and correct copy of documents retrieved from the USPTO's online Trademark Status & Document Retrieval database evidencing the current status and Plaintiff's ownership of the COHEN & COMPANY Logo Registration is attached as Exhibit 2. Plaintiff's COHEN & COMPANY Logo Registration is valid, subsisting, and of full force and effect.

18. Plaintiff has never authorized, licensed, or otherwise permitted Defendant to use COHEN & COMPANY Name, the COHEN & COMPANY Logo, or any confusingly similar variations thereof.

**Defendant's Unauthorized Use of Plaintiff's COHEN & COMPANY Mark**

19. For many years, Defendant was known as, and did business under the name of, Institutional Financial Markets, Inc. More recently, Defendant began offering and selling financial and investment advisory services under Plaintiff's name and mark, "COHEN & COMPANY," and with the following stylized logo, which includes Plaintiff's registered COHEN & COMPANY Name:



20. Defendant's services are the same as, or are otherwise directly related to, Plaintiff's services: Plaintiff and Defendant both provide financial and investment advisory services to high-net-worth individuals, trusts, foundations, investment partnerships, and investment advisors.

21. Numerous third-party companies that provide Plaintiff's services (tax, accounting, auditing, and financial and investment advisory services) also provide Defendant's services (asset management, fund, and debt collateralization services), thereby leading consumers to believe that Plaintiff and Defendant are the same company or are otherwise affiliated. Indeed, a search of the USPTO's records reveals over twenty trademark registrations from companies such as PWC, KPMG, Schneider Downs, Statton, and Innovation Finances, Inc. that generally provide the services offered by Plaintiff and Defendant.

22. Put simply, Defendant markets to many of the same consumers and through many of the same trade channels as Plaintiff, including throughout Pennsylvania, Ohio, Illinois, New York, Wisconsin, Michigan, and Maryland.

23. Relevant consumers are likely to be confused—and have been actually confused—as to the source, sponsorship, or affiliation of Defendant's services due to the similarity of Plaintiff's COHEN & COMPANY Mark and COHEN & COMPANY Logo to Defendant's unauthorized use of COHEN & COMPANY. Representative examples of such actual confusion are below.

### Actual Confusion

24. When consumers search for Plaintiff using online search engines, such as Google®, Defendant's name appears multiple times on the first page of search results, often with Plaintiff's COHEN & COMPANY Logo. *See, e.g.,* Exhibit 3.

25. A former employee of Defendant erroneously posted a review about his time working at Defendant on Plaintiff's Indeed.com® page. *See* Exhibit 4.

26. A March 20, 2019, Law360® article incorrectly described Defendant as Plaintiff. *See* Exhibit 5.

27. On March 26, 2019, the President of Cypress Creek Intermediaries, Inc. mistakenly sent an email intended for Defendant to Plaintiff's Randal Myeroff. *See* Exhibit 6.

28. The June 9, 2020, publication of FUNDfire®, falsely described Defendant as an "affiliate" of Plaintiff. *See* Exhibit 7.

29. The YouTube channel "Trading Ape" improperly used Plaintiff's logo in connection with a video about Defendant. *See* Exhibit 8.

30. Multiple individuals attending the 2021 ALTSSV convention in Mountain View, California, mistook individuals from Defendant as representing Plaintiff. For example, one conference attendee told Plaintiff's Director of Assurance, Kaitlin Mansfield, that he saw a representative of Plaintiff hosting an afternoon panel, when, in fact, Defendant and one of its representatives had hosted the panel.

31. Plaintiff is aware of other instances of actual confusion, both oral and written.

32. Upon information and belief, Defendant willfully and intentionally misappropriated Plaintiff's COHEN & COMPANY Name in order to capitalize on Plaintiff's extensive goodwill.

33. Plaintiff has no adequate remedy at law. Defendant's conduct has caused and, if allowed to continue, will continue to cause, irreparable damage to Plaintiff's business, reputation, and goodwill. Plaintiff's damages are not yet determined.

## COUNT I
## COUNTERFEITING AND INFRINGEMENT
## OF PLAINTIFF'S FEDERALLY REGISTERED COHEN & COMPANY NAME
## (15 U.S.C. § 1114)

34. Plaintiff repeats and realleges the allegations of paragraphs 1 through 33 above, as though fully set forth here.

35. Without Plaintiff's consent or authorization, Defendant has used, and continues to use, in interstate commerce the mark protected by Plaintiff's COHEN & COMPANY Name Registration for financial services and has caused, and is likely to continue to cause, confusion or mistake as to the source, approval, sponsorship, affiliation, connection, or association of Defendant or Defendant's services with Plaintiff or Plaintiff's services.

36. The goodwill associated with Plaintiff's registered COHEN & COMPANY Name and the COHEN & COMPANY Name Registration of significant value to Plaintiff, and Plaintiff

has suffered, is suffering, and will continue to suffer irreparable harm should Defendant continue to use Plaintiff's registered COHEN & COMPANY marks.

37. Defendant's use of Plaintiff's registered COHEN & COMPANY Name has diverted, and will continue to divert, Plaintiff's goodwill, clients, and potential clients to Defendant for the benefit of Defendant and to the injury of consumers and of Plaintiff.

38. Defendant's act constitute infringement of Plaintiff's registered COHEN & COMPANY Name and the COHEN & COMPANY Name Registration under 15 U.S.C. § 1114.

39. Upon information and belief, Defendant knowingly and willfully infringed Plaintiff's registered COHEN & COMPANY Name.

40. Unless enjoined, Defendant will continue to use Plaintiff's registered COHEN & COMPANY Name, thereby confusing the public and causing Plaintiff irreparable harm.

<u>**COUNT II**</u>
**COUNTERFEITING AND INFRINGEMENT OF**
**PLAINTIFF'S FEDERALLY REGISTERED COHEN & COMPANY LOGO**
**(15 U.S.C. § 1114)**

41. Plaintiff repeats and realleges the allegations of paragraphs 1 through 40 above, as though fully set forth here

42. Without Plaintiff's consent or authorization, Defendant has used, and continues to use, in interstate commerce the logo protected by Plaintiff's COHEN & COMPANY Logo Registration for financial services and has caused, and is likely to continue to cause, confusion or mistake as to the source, approval, sponsorship, affiliation, connection, or association of Defendant or Defendant's services with Plaintiff or Plaintiff's services.

43. The goodwill associated with Plaintiff's registered COHEN & COMPANY Logo and the COHEN & COMPANY Logo Registration is of significant value to Plaintiff, and

9

Plaintiff has suffered, is suffering, and will continue to suffer irreparable harm should Defendant continue to use Plaintiff's registered COHEN & COMPANY Logo.

44. Defendant's use of Plaintiff's registered COHEN & COMPANY Logo has diverted, and will continue to divert, Plaintiff's goodwill, clients, and potential clients to Defendant for the benefit of Defendant and to the injury of consumers and of Plaintiff.

45. Defendant's act constitute infringement of Plaintiff's registered COHEN & COMPANY Logo and the COHEN & COMPANY Logo Registration under 15 U.S.C. § 1114.

46. Upon information and belief, Defendant knowingly and willfully infringed Plaintiff's registered COHEN & COMPANY Logo.

47. Unless enjoined, Defendant will continue to use Plaintiff's registered COHEN & COMPANY Logo, thereby confusing the public and causing Plaintiff irreparable harm.

## COUNT III
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C.§ 1125(a))

48. Plaintiff repeats and realleges the allegations of paragraphs 1 through 47 above, as though fully set forth here.

49. Plaintiff's COHEN & COMPANY Name and COHEN & COMPANY Logo have acquired distinctiveness and secondary meaning.

50. Plaintiff's COHEN & COMPANY Name and COHEN & COMPANY Logo are well-known and relevant consumers associate and identify the COHEN & COMPANY Name and COHEN & COMPANY Logo with Plaintiff.

51. Defendant's acts, practices, and conduct complained of herein constitute unfair competition and false designations of origin, insofar as they have caused and are likely to cause confusion, mistake, or deception as the source, affiliation, or association of Defendant with

Plaintiff, and/or as to the origin, sponsorship, or approval of Defendant, or its products, services, or commercial activities, within the meaning of 15 U.S.C. § 1125(a).

52. On information and belief, Defendant's acts complained of herein were knowing, intentional, willful, and made with the intent to cause confusion, mistake, or deception, or otherwise to compete unfairly with Plaintiff.

53. Defendant's acts jeopardize the goodwill symbolized by the Plaintiff's COHEN & COMPANY Name and the COHEN & COMPANY Logo, causing serious and irreparable injury to Plaintiff, as well as a likelihood of such future harm, for which Plaintiff has no adequate remedy at law.

## COUNT IV
## UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION VIOLATIONS
## (73 P.S. §§ 201-1 to 201-9.3)

54. Plaintiff repeats and realleges the allegations of paragraphs 1 through 53 above, as though fully set forth here.

55. Defendant's unauthorized use of Plaintiff's COHEN & COMPANY Name and COHEN & COMPANY Logo in connection with substantially similar services, provided to the same and similar consumers, in the same areas and channels of trade, has caused a likelihood of confusion as to the source of such services, or a misunderstanding about the source, sponsorship, approval or certification of those services.

56. As a result of Defendant's actions, Plaintiff has suffered considerable harm, including loss of sales and irreparable injury to its goodwill.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Permanently enjoining Defendant, its officers, agents, licensees, assignees, successors, servants, employees, attorneys, and all other persons in active concert or participation

with them from doing any of the following acts, either directly or indirectly, and from doing any act prefatory to the prohibited acts:

> (1) Using and further infringing Plaintiff's COHEN & COMPANY Name, COHEN & COMPANY Logo, or any mark or any designation that is confusingly similar to Plaintiff's COHEN & COMPANY Name and/or, COHEN & COMPANY Logo for financial services or any other good or service related thereto;
>
> (2) Advertising, displaying, or promoting in any manner any financial or related product or service using Plaintiff's COHEN & COMPANY Name or COHEN & COMPANY Logo or any designation that is confusingly similar thereto;
>
> (3) Holding out or suggesting in any manner whatsoever that Defendant, or its products or services, are in any way sponsored by, associated with, or affiliated with Plaintiff or Plaintiff's services; and
>
> (4) Engaging in any other activity constituting unfair competition with Plaintiff or constituting infringement of Plaintiff's COHEN & COMPANY Name and/or COHEN & COMPANY Logo.

B. Ordering, pursuant to 15 U.S.C. § 1116(a), Defendant promptly to file with the Court and serve upon Plaintiff a report, in writing and under oath, setting forth in detail the manner in which Defendant has complied with any injunction issue by the Court;

C. Ordering, pursuant to 15 U.S.C. § 1118, that Defendant deliver to Plaintiff, at Defendant's costs, all labels, signs, prints, packages, wrappers, receptacles, logo items, and advertisements in the possession of Defendant, its agents, servants, employees, and all other persons in active concert or participation with any of them bearing COHEN & COMPANY Name or any other confusingly similar designation, including, but not limited to, the COHEN &

COMPANY Logo, and all plates, molds, programs, electronic files, and other means of making the same, if any;

  D. Ordering Defendant promptly to eliminate all advertising under COHEN & COMPANY Name or any other confusingly similar designation, including, but not limited to, the COHEN & COMPANY Logo, from all media including, but not limited to, websites, newspapers, flyers, coupons, promotions, signs, printed and online or electronic telephone books, printed and online or electronic telephone directory assistance listings and mass mailings, all at Defendant's costs, including closing, deleting, or revising all social media accounts bearing or displaying COHEN & COMPANY Name and/or the COHEN & COMPANY Logo;

  E. Ordering Defendant to pay statutory damages to Plaintiff pursuant to 15 U.S.C. § 1117(c), of up to $2,000,000 for each trademark that Defendant counterfeited and/or infringed, as well as attorneys' fees and costs;

  F. Ordering Defendant to make a detailed accounting to Plaintiff with respect to all transactions relating to its unlawful acts and omissions complained of herein, including: (1) gross revenues resulting from such actions and (2) its total profits generated, including a detailed explanation of any alleged deductions to be made in the calculation of profits;

  G. Ordering Defendant to pay over to Plaintiff all gains, profits, and advantages realized by Defendant from its unlawful acts and omissions complained of herein, pursuant to 15 U.S.C. § 1117;

  H. Declaring this case an exceptional case under 15 U.S.C. § 1117(a);

  I. Ordering Defendant to pay to Plaintiff the costs of this action, reasonable attorneys' fees, and all damages suffered by Plaintiff in an amount to be determined at trial, plus

interest as allowed by law, and that such damages be trebled pursuant to 15 U.S.C. § 1117, and/or that punitive damages be awarded pursuant to state law; and

J.  Ordering Plaintiff be awarded all damages available under Pennsylvania law; and

K.  Ordering Plaintiff such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 8, 2021                    Respectfully submitted,

s/Michael Ruggio
Michael Ruggio
Ice Miller LLP
1735 Market Street
Suite 3450
Philadelphia, PA  19103
Tel:  202-807-0400
Fax:  202-807-4001
Email:  Michael.Ruggio@IceMiller.com

T. Earl LeVere
(Motion for Admission *Pro Hac Vice* to be filed)
Ice Miller LLP
250 West St., Suite 700
Columbus, OH  43215
Tel:  614-462-1095
Fax:  614-228-4847
Email:  Earl.LeVere@IceMiller.com

Matthew R. Grothouse
(Motion for Admission *Pro Hac Vice* to be filed)
Ice Miller LLP
200 West Madison, Suite 3500
Chicago, IL  60606
Tel:  312-726-6220
Email:  Matt.Grothouse@IceMiller.com

Attorneys for Plaintiff Cohen & Company, Ltd.

4815-6819-6057.11