IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COHEN & COMPANY, LTD., *Plaintiff,* v. COHEN & COMPANY INC., *Defendant.* | CIVIL ACTION NO. 21-04442 |

**PAPPERT, J.**                                                                  October 6, 2022

**MEMORANDUM**

      Cohen & Company, Ltd., an accounting firm, sued Cohen & Company Inc., an asset management and financial company, under the Lanham Act and Pennsylvania's Unfair Trade Practices and Consumer Protection Law. After Defendant moved to dismiss (ECF 4), Plaintiff filed an Amended Complaint dropping its counterfeiting claim related to the COHEN & COMPANY Logo mark. (ECF 6.) Defendant now moves to dismiss Count II of the Amended Complaint, Plaintiff's claim alleging counterfeiting of its registered COHEN & COMPANY Name mark (ECF 10). The Court grants the Motion.

I

      Plaintiff owns federal trademark registrations for the COHEN & COMPANY Name and COHEN & COMPANY Logo for use in connection with accounting and tax services. (Am. Compl. ¶¶ 14, 16.) The COHEN & COMPANY Name trademark grants Plaintiff use of the mark for:

> Accounting services and consultation; tax and taxation planning, advice, information, and consultancy services; financial and account auditing; bookkeeping services; tax preparation; [p]roviding a

> website featuring information in the field of auditing, accounting, and tax preparation; business records management consulting services; financial records management consulting services . . . Fiscal valuations and assessments; actuarial consulting services; consulting services in the field of employee benefit plans concerning insurance and finance.

(Trademark Reg. No. 5,871,173, Ex. 1, ECF 6-1). Plaintiff alleges Defendant is offering financial and investment services using Plaintiff's Name and Logo marks, asserting that as an asset management company, Defendant provides "financial and investment advisory services." (*Id.* ¶ 19.) Plaintiff contends Defendant's use of COHEN & COMPANY is "identical, or at least substantially indistinguishable" from Plaintiff's use of the name and that this creates confusion among consumers because each business provides services that "directly relate to one another." (*Id.* at ¶¶ 21, 33, 41.)

II

To survive dismissal under Rule 12(b)(6), Count II of the Amended Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the pleaded facts "allow[] the court to draw the reasonable inference that [a] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When factual allegations are well-pleaded, they are presumed to be true; the Court must "then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. But this presumption "attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). This plausibility determination

is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016)).

### III

To state a claim for federal trademark counterfeiting, a plaintiff must plausibly allege "(1) the defendants infringed a registered trademark in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a), and (2) intentionally used the trademark knowing that i[t] was counterfeit or was willfully blind to such use." *Louis Vuitton Malletier & Oakley, Inc. v. Veit*, 211 F. Supp. 2d 567, 580–81 (E.D. Pa. 2002), *amended* (June 28, 2002) (citing *Playboy Enter., Inc. v. Universal Tel–A–Talk, Inc.,* No. 96–6961, 1998 WL 767440, at *7 (E.D. Pa. Nov. 3, 1998)).

A "counterfeit mark" is a "a counterfeit of a mark that is registered on the Principal Register in the United States Patent and Trademark Office for such goods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered." 15 U.S.C. § 1116(d)(1)(B)(i). Accordingly, "a claim for trademark counterfeiting lies only against a defendant's counterfeit uses of a mark on the same goods or services as are covered by the plaintiff's registration of that mark." *Playboy Enter., Inc. v. Universal Tel–A–Talk, Inc.,* No. 96–6961, 1998 WL 288423, at *4 (E.D. Pa. June 3, 1998).

More generally:

> Counterfeiting is the act of producing or selling a product with a sham trademark that is an intentional and calculated reproduction of the genuine trademark. A "counterfeit mark" is a false mark that is identical with, or substantially indistinguishable from, the genuine mark. Often, counterfeit merchandise is made so as to imitate a well-known product in all details of construction and

> appearance so as to deceive customers into thinking that they are getting genuine merchandise. Thus, counterfeiting is "hard core" or "first degree" trademark infringement and is the most blatant and egregious form of "passing off."

4 J. Thomas McCarthy, McCarthy on Trademarks and Unfair Competition § 25:10 (5th ed. 2022). "Counterfeiting has a higher standard for similarity so the 'likelihood to cause confusion' standard used for infringement violations is insufficient." *Lontex*, 384 F. Supp. 3d at 556 (quoting *Astrazeneca AB v. Dr. Reddy's Labs., Inc.*, 209 F. Supp. 3d 744, 755 (D. Del. 2016)); *see also JFJ Toys, Inc. v. Sears Holdings Corp.*, 237 F. Supp. 3d 311, 340 (D. Md. 2017) ("While infringement may well create confusion in the minds of consumers, counterfeiting is the 'passing off' of the infringing mark as the registered mark.") Plaintiff must allege that Defendant was "intentionally using the mark . . . knowing such mark" was "a counterfeit mark." 15 U.S.C. § 1117(b).

IV

A "counterfeit" is further defined as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127. While not defined in the Lanham Act, "spurious," means "[d]eceptively suggesting an erroneous origin; fake." *Spurious*, Black's Law Dictionary (11th ed. 2019). For Plaintiff to plausibly allege Defendant used a spurious mark, it must claim that Defendant committed an "intentional and calculated reproduction" of its mark in order to "deceive customers into thinking" they were receiving Plaintiff's services. 4 McCarthy, *supra*, § 25:10. But in assessing counterfeiting claims, "courts have uniformly applied [the counterfeiting] provision to products that are stitch-for-stitch copies of those of another brand." *Gucci Am., Inc. v. Guess?, Inc.*, 868 F. Supp. 2d 207, 242 (S.D.N.Y. 2012).

Here, Plaintiff contends "Defendant markets to many of the same consumers" and "willfully and intentionally misappropriated Plaintiff's COHEN & COMPANY Name in order to capitalize on Plaintiff's extensive goodwill." (Am. Compl. ¶¶ 40, 52). Additionally, Plaintiff alleges examples of confusion among consumers. (Am. Compl. ¶¶ 42–51.) But this is far different than claiming Defendant engaged in counterfeiting, that is, intentionally using a spurious mark to sell knockoff services to unwitting customers. Plaintiff has not alleged any facts that indicate Defendant's use of the name "Cohen & Company" was meant to "trick the consumer" into believing they were receiving Plaintiff's services when instead they were buying Defendant's "imitation" services. *See Gucci*, 868 F. Supp. 2d at 242 (quoting 4 McCarthy, *supra*, § 25:10).

Plaintiff argues the Third Circuit Court of Appeals has held that the Black's Law Dictionary definition of "spurious" is incorrect, and that instead "[a] 'spurious mark' is defined as a mark that is used without the trademark owner's authorization." (Pl.'s Mem. Opp'n Def.'s Partial Mot. Dismiss at 5–6, ECF 11.) However, both Plaintiff's reading of the Circuit's holding in *Motel 6 Operating LP v. HI Hotel Group LLC* and its proposed definition of spurious are incorrect. In *Motel 6*, the Circuit held that a holdover franchisee—who lacked permission to use a registered mark—could have committed counterfeiting when the motel owner continued to use the genuine Motel 6 mark after G6 Hospitality terminated the licensing agreement. *See Motel 6 Operating LP v. HI Hotel Grp. LLC*, 670 F. App'x 759, 759–760 (3d Cir. 2016). Far from rejecting the Black's Law Dictionary definition of "spurious," the appeals court didn't discuss it at all.

Plaintiff's contention that a spurious mark is confined to one used "without the owner's authorization" is also wrong and conflates the concepts of infringement and counterfeiting. (Pl.'s Mem. Opp'n Def.'s Partial Mot. Dismiss at 6, ECF 11); *see Infringement*, Black's Law Dictionary (11th ed. 2019) (defining "trademark infringement" as "[t]he unauthorized use of a trademark"). For counterfeiting purposes, spurious means more than unauthorized; it means "[d]eceptively suggesting an erroneous origin; fake." *Spurious*, Black's Law Dictionary; *see GMA Accessories, Inc. v. BOP, LLC*, 765 F. Supp. 2d 457, 472 (S.D.N.Y. 2011), *aff'd sub nom. GMA Accessories, Inc. v. Elec. Wonderland, Inc.*, 558 F. App'x 116 (2d Cir. 2014); *Lontex*, 384 F. Supp. 3d at 555. Plaintiff has not alleged, nor can it allege, that Defendant uses the "Cohen & Company" name to imply its services derive from Plaintiff's accounting firm. Time will tell if Plaintiff can prevail on its infringement claims, but it has not stated a claim for counterfeiting.

V

Plaintiff does not ask to amend its Complaint a second time, though Courts should freely give leave to amend a complaint when justice so requires "unless an amendment would be inequitable or futile." *Andela v. Am. Ass'n Cancer Rsch.*, 389 F. App'x 137, 142 (3d Cir. 2010) (quoting *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 236 (3d Cir. 2008); Fed. R. Civ. P. 15(a)(2). Futility means the amendment would fail to state a claim upon which relief could be granted. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Because Defendant's use of the "Cohen & Company" name is not the use of a counterfeit mark, leave to amend Count II would be futile.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.